```
         IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
XQUISITE TRANSPORTATION, LLC,
on behalf of itself and all     *
others similarly situated,
                                *
    Plaintiff,
                                *
       v.                            CIVIL NO.: WDQ-08-2905
                                *
TRAVELERS INDEMNITY COMPANY,
                                *
    Defendant.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Xquisite Transportation, LLC ("Xquisite")[1] sued its insurer, Travelers Indemnity Company ("Travelers"),[2] for breach of contract and fraud in the Circuit Court for Baltimore City. Travelers removed to this Court. Pending is Travelers's motion for leave to file third-party complaint. For the following reasons, Travelers's motion will be granted.

I.   Background

Xquisite provides luxury cars and drivers. Sec. Am. Compl. ¶ 8. On February 9, 2008, while parked, one of Xquisite's cars was hit by a car driven by Carla Lee Mason ("Mason"), an uninsured driver. *Id.* ¶ 9; Def. Mot., Ex. A ¶¶ 6, 9. Mason was

---

[1] Anthony Shoats, Xquisite's owner, originally filed this suit; Xquisite was substituted as the Plaintiff in the Second Amended Complaint.

[2] The original Defendant--"Travelers Insurance Company"--was replaced by Travelers Indemnity Company in the Amended Complaint.

driving a car owned by Vera Russell ("Russell") and insured by State Farm Insurance Group ("State Farm"). Def. Mot., Ex. A ¶¶ 5, 6, 14. State Farm denied coverage for the accident because Mason was not a permissive user of Russell's car. *Id*. ¶ 18.

Travelers[3] paid Xquisite $11,951.27 for repairs and use of a rental car. Sec. Am. Compl. ¶ 11. Travelers refused to compensate Xquisite for the loss of the car's market value, and lost income while the car was being repaired. *Id.* ¶ 12.

On September 18, 2008, Shoats sued Travelers in the Circuit Court for Baltimore City for breach of contract and constructive fraud. Notice of Removal ¶¶ 1, 14. He sought to certify a class of Maryland residents who have not been compensated by Travelers for similar losses. Sec. Am. Compl. ¶ 14. On October 31, 2008, Travelers removed to this Court on the basis of diversity jurisdiction. Paper No. 1.

On February 3, 2009, the Court (1) denied Shoats's motion to remand to state court, (2) dismissed his constructive fraud claim, and (3) granted him leave to amend his Complaint. Paper No. 17. On February 16, 2009, Shoats filed an Amended Complaint. Paper No. 18. On March 16, 2009, Travelers moved to dismiss the Amended Complaint, in part because Xquisite--not Shoats--is the policyholder. Paper No. 21. On April 3, 2009, Xquisite filed

---

[3] The policy provided liability coverage up to $300,000, and damage coverage for the lesser of actual cash value or cost of repair of the car, minus the deductible. Def. Mot. Dism. at 1-2.

2

the Second Amended Complaint. Paper No. 26. On April 6, 2009, Travelers moved to dismiss. Paper No. 27.

On June 8, 2009, the Court denied Xquisite's request for a declaratory judgment and dismissed its claims for lost income and failure to inform. Paper No. 35. On June 17, 2009, the Court entered a scheduling order, which was amended on July 16, 2009. Paper Nos. 38, 42. On August 3, 2009, Travelers moved to implead Mason and Russell as third-party defendants. Paper No. 43. On August 13, 2009, Travelers moved to join Mason, Russell, and State Farm as third-party defendants. Paper No. 44.

## II. Analysis

### A. Standard of Review

A defendant may implead a third-party who "may be liable to it for all or part of the claim against it." FED. R. CIV. P. 14(a)(1). A defendant may freely serve a summons and complaint on a third-party within 10 days after serving the original answer; thereafter, the defendant must notify all parties and seek leave to implead a third-party. *Id*. Rule 14 is "liberally construed" to permit impleader in the interest of judicial economy, but the right to join third-parties is not automatic. *Baltimore & O.R. Co. v. Saunders*, 159 F.2d 481, 484 (4th Cir. 1947); *M.O.C.H.A. Society, Inc. v. City of Buffalo*, 272 F. Supp. 2d 217, 220 (W.D.N.Y. 2003). "Any party may move to strike the third-party claim, to sever it, or to try it separately." *Id*.

The Court has broad discretion to deny or dismiss third-party complaints. *See Noland Co. v. Graver Tank & Manuf. Co.*, 301 F.2d 43, 50 (4th Cir. 1962).

Rule 14 is intended to bring all interested parties together in a single action "to avoid circuity[4] and multiplicity of actions." *Id*. at 50.[5] The Court may deny impleader if joining the third-party would "unduly complicate the original suit" or "introduce unrelated issues." *U.S. Commodity Futures Trading Comm'n v. Calvary Currencies LLC*, No. DKC 2004-1021, 2005 WL 263902, at *2 (D. Md. Feb. 2, 2005).[6] A third-party complaint may also be disallowed when it is "obviously unmeritorious and can only delay or prejudice the disposition of the plaintiff's claim." Fed. R. Civ. P. 14, Advisory Committee Note, 1963 Amendment; *see also Hill v. BASF Wyandotte Corp.*, 782 F.2d 1212,

---

[4] "Circuity of action" is defined as "[a] procedure allowing duplicative lawsuits, leading to unnecessarily lengthy and indirect litigation, as when defendant fails to bring a counterclaim, but later brings a separate action to recover what could have been awarded in the original lawsuit." *Black's Law Dictionary* (8th ed. 2004).

[5] Rule 14(a) permits "additional parties whose rights may be affected by the decision in the original action to be joined and brought in so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." *Glens Falls Indemnity Co. v. Atlantic Bldg. Corp.*, 199 F.2d 60, 63 (4th Cir. 1952); a*ccord Dishong v. Tidewater Orthopaedic Assoc., Inc*. 219 F.R.D. 382, 385 (E.D. Va. 2003).

[6] "Moreover, a lack of similarity between the issues and evidence required to prove the main and third-party claims may be sufficient to warrant the dismissal of an impleaded party." *U.S. Commodity Futures*, 2005 WL 263902 at *2.

1214 (4th Cir. 1986).

Thus, the Court may consider whether: (1) the defendant deliberately delayed or was derelict in filing the motion; (2) impleading the third-party would delay or unduly complicate the trial; (3) impleading would prejudice the non-movant and third-party defendant; (4) the third-party complaint states a claim upon which relief can be granted; and (5) the issues in the third-party complaint are similar to those in the original complaint." *United States v. Savoy Senior Housing Corp.*, No. 6:06cv031, 2008 WL 631161, at *1-2 (W.D. Va. March 6, 2008). *M.O.C.H.A. Society, Inc. v. City of Buffalo*, 272 F. Supp. 2d 217, 220 (W.D.N.Y. 2003); *M.O.C.H.A. Society*, 272 F. Supp. at 220.

    B.  Travelers's Motion to Implead

        1.  Timing of the Motion

Under the Revised Scheduling Order motions to join additional parties were due on August 3, 2009. Amended Scheduling Or. at 1. Travelers filed its first motion to join Mason and Russell on August 3, 2009. Paper No. 43. But, the revised motion, seeking also to implead State Farm, was not filed until August 13, 2009. Paper No. 44.

Xquisite argues that Travelers was derelict in filing the second motion because Travelers knew State Farm was the insurer long before the deadline. Pl. Opp. ¶ 10. Travelers contends that "newly discovered information caused [it] to amend its

5

previous motion." Def. Rep.[7]

Delay in filing the instant motion, although relevant, is not dispositive of whether to permit impleader of State Farm. *See Hill*, 782 F.2d at 1214.  Xquisite has specified no harm or prejudice caused by the 10-day delay, and it is early in the litigation.[8]  No prejudice resulted from the late filing.

### 2. Complication and Delay

Xquisite also contends that the third-party claims involve tort liability, which is not an issue in this breach of contract suit.[9]  Pl. Rep. ¶ 11.  Thus, Xquisite argues, the inclusion of those claims will delay, complicate, and prejudice its claims and the defenses of the third-parties against Travelers.[10]  *Id*.  Travelers argues that additional costs in time and discovery requests are inherent in all impleaders, and the addition of Russell, Mason, and State Farm will not significantly complicate

---

[7] Travelers states that misinformation from State Farm about the status of arbitration led to the original exclusion of State Farm.  Def. Reply at 3.

[8] Discovery is currently limited to class certification and has not commenced on the merits.  Revised Sched. at 1-2.

[9] Xquisite argues that the liability for the collision is not an issue because Travelers accepted liability under Xquisite's insurance policy.  Supp. Reply ¶ 11.

[10] Xquisite initially argued that permitting impleader would require all parties to propound and respond to additional discovery requests, draft and respond to additional motions, appear at hearings and spend unnecessary time and money in trial. Pl. Reply in Opp. Mot. to File Third-Party Compl. ¶ 12.

6

this already complex case.  Def. Rep. at 3-4.

Rule 14(a) promotes judicial efficiency by including in a single action all parties whose rights might be affected.  *See Glens Falls*, 199 F.2d at 63.  Xquisite has not shown that the third-party claims will "unduly complicate" this suit.  Those claims arise from the same accident and insurance dispute.

### 3.  Merits of the Third-Party Claims

Travelers argues that under its policy with Xquisite it "is entitled to claim and pursue subrogation and indemnity rights against third-parties responsible for any losses paid out under the Travelers Policy."  Def. Mot., Ex. A ¶ 24.  Travelers has paid at least $11,951.27[11] for the accident, which involved a car driven by Mason, owned by Russell, and insured by State Farm.  *Id*. ¶¶ 5, 6, 14, 23; Answer ¶ 11.  Travelers seeks reimbursement from the third-party defendants and indemnity for any future payments to Xquisite for this accident.  Id. ¶ 26.

Xquisite has not objected to the merits of Travelers's third-party claims.  It merely argues that liability for the accident is not an issue in this contract dispute.

Rule 14 is the proper tool for enforcement of a "right to indemnification or contribution accruing to defendant as against

---

[11] Xquisite asserts that it received--and Travelers's Answer admits that it paid--approximately $11,951.27 for repairs and car rental.  Sec. Am. Compl. ¶ 11; Answer ¶ 11.  The proposed third-party complaint states that the repairs and rental car cost $12,299.91.  Def. Mot., Ex. A ¶¶ 19, 23.

a third-party defendant." *Yap v. Ferguson*, 8 F.R.D. 166, 168 (S.D.N.Y. 1948).  In Maryland, a right to subrogation may "arise[] by the operation of an agreement between the parties." *Hill v. Cross Country Settlements*, LLC, 402 Md. 281, n. 19, 936 A.2d 343, n. 19 (2007).  The right to contractual indemnity is also fully enforceable.  *Pulte Home Corp. V. Parex, Inc.*, 403 Md. 367, 381, 942 A.2d 722, 730 (2008).

As the third-party claims are not "obviously unmeritorious," joinder is appropriate.

III.  Conclusion

For the reasons stated above, Travelers's motion to join Mason, Russell, and State Farm as third-party defendants will be granted.

<u>October 2, 2009</u>                             <u>       /s/                </u>
Date                                        William D. Quarles, Jr.
                                            United States District Judge